Barbara A. Solomon (BS 8845)
Evan Gourvitz (EG 5449)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Tel.: (212) 813-5900
Fax: (212) 813-5901
*Attorneys for Plaintiff J. Choo Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

J. CHOO LIMITED,

               Plaintiff,

   v.

SHOPSUEYBOUTIQUE.COM, INC.,
HEATHER GRAY, and JOHN DOES 1-10,

               Defendants.

------------------------------------------------------------------ x

RECEIVED
DEC 11 2007
U.S.D.C. S.D. N.Y.
CASHIERS

JUDGE CROTTY

07 CV 11167

Case No.

## COMPLAINT

Plaintiff J. Choo Limited ("Plaintiff" or "Jimmy Choo"), by its attorneys Fross

Zelnick Lehrman & Zissu, P.C., for its complaint against defendants ShopSueyBoutique.com,

Inc., Heather Gray, and John Does 1-10, (each individually, a "Defendant" and collectively

"Defendants") alleges as follows:

<u>SUBSTANCE OF THE ACTION</u>

1.    Defendants are in the business of copying authentic designer bags.

2.    This action arises out of Defendants' unauthorized use of (i) Plaintiff's patented

designs for its Ramona and Mahala handbags, and (ii) the distinctive trade dress of three of

Plaintiff's best-selling handbag styles, the Ramona, the Mahala, and the Marin/Mave. Plaintiff

asserts claims for patent infringement under section 271 of the Patent Act, 35 U.S.C. § 271, and false designation of origin/unfair competition under §43(a) of the Lanham Act, 15 U.S.C. §1125(a). Plaintiff seeks injunctive relief, an award of the profits derived from Defendants' unlawful activities and/or Plaintiff's actual damages, which should be trebled due to the willful nature of Defendants' conduct, attorneys' fees, costs, prejudgment interest, and any other relief the Court deems just and proper.

## JURISDICTION AND VENUE

3.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

4.    Upon information and belief, this Court has personal jurisdiction over each Defendant because each systematically and continuously conducts, transacts, and solicits business in this district, or derives substantial revenue from infringing and other goods sold in and delivered to this district, or because it or she has committed tortious acts within this district, including the ongoing unlawful conduct complained of herein. Without limitation, upon information and belief Defendants Heather Gray and ShopSueyBoutique,com, Inc. own and operate an active e-commerce website, located at the domain name <shopsueyboutique.com>, that solicits and accepts orders, sells to customers, and ships products – including the goods at issue – into this district.

5.    Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district, and because Defendants' acts of infringement have occurred in this district, Defendants are doing business in this district, and Plaintiff is suffering harm in this district.

## PARTIES

6.  Plaintiff J. Choo Limited is an English company with its principal place of business at 37 Ixworth Place, London, England SW3 3QH, United Kingdom. Plaintiff maintains its U.S. headquarters in this district at 750 Lexington Avenue, New York, New York 10022. Plaintiff is the owner of U.S. Design Patents D552,354, D547,945, and D547,944 for ornamental elements of the Ramona bag; U.S. Design Patent D551,863 for ornamental elements of the Mahala bag; and the trade dress of its distinctive Ramona, Mahala, and Marin/Mave bags.

7.  Upon information and belief, Defendant ShopSueyBoutique,com, Inc. is a California corporation with its principal place of business at 1737 Orange Tree Lane, Redlands, CA 92374. Upon information and belief, ShopSueyBoutique,com, Inc. is involved in and commercially benefits from the manufacture, importation, distribution, offering for sale, and sale, including through its website at <shopsueyboutique.com>, of infringing copies of Jimmy Choo's patented and otherwise protected bags.

8.  Upon information and belief Defendant Heather Gray is an individual with a business address of 1737 Orange Tree Lane, Redlands, CA 92374. Upon information and belief, Heather Gray, the owner of Defendant ShopSueyBoutique,com, Inc. and the website located at the domain name <shopsueyboutique.com>, is responsible for, directs, controls, and has a direct financial interest in the infringing and otherwise actionable activities of Defendant ShopSueyBoutique,com, Inc., including the conduct described herein.

9.  Upon information and belief, John Does 1-10 are individuals or entities residing in this district, and/or continuously and systematically conducting and transacting business in this district, including the manufacture, importation, distribution, offering for sale, and/or sale of the "knockoff" bags at issue. Upon learning of the specific identity of said defendants, Jimmy Choo

shall move to substitute the named parties or to otherwise amend the complaint.

## FACTS COMMON TO ALL
## CLAIMS FOR RELIEF

A.    Jimmy Choo and Its Signature Handbags

10.    Jimmy Choo is one of the most prestigious and widely recognized purveyors of high quality leather products, including bags, throughout the world. Plaintiff sells its products through its own boutiques and through high-end department stores and online retail stores.

11.    In May 2003, Plaintiff launched its first line of handbags. From their introduction, Plaintiff's bags have become a must-have accessory for fashion conscious women. Plaintiff's bags are frequently highlighted in fashion magazines both in connection with paid ads and as part of fashion editorials, and as a result they have become extraordinarily well known and coveted among consumers. In 2007, press reports concerning Plaintiff's Ramona, Mahala, and Marin/Mave bags (collectively, the "Jimmy Choo Bags") appeared in periodicals ranging from *Glamour* to *Life & Style*. The Jimmy Choo Bags have also been highlighted in the catalogs and on the websites of high-end department stores from Saks Fifth Avenue to Bergdorf Goodman.

12.    Since their introduction, Plaintiff's Jimmy Choo Bags have been and remain among its best-selling, signature styles. A photograph of the Ramona bag is attached as Exhibit A, a photograph of the Mahala bag is attached as Exhibit B, and photographs of the Marin/Mave bags (which are identical except for their sizes) are attached as Exhibit C.

13.    Aspects of the Ramona and Mahala bags are covered by U.S. patent registrations (collectively, the "Jimmy Choo Patents"). Specifically, ornamental elements of the Ramona bag are covered by U.S. Design Patents D552,354, D547,944, and D547,945, copies of which are attached hereto as Exhibit D, and ornamental elements of the Mahala bag are covered by U.S. Design Patent D551,863, a copy of which is attached hereto as Exhibit E. All of these patents

are valid, subsisting, and in full force and effect.

14.     Each of the Jimmy Choo Bags also has a unique, distinctive, purely ornamental, and non-functional trade dress. The trade dress of each of the Jimmy Choo Bags is well known and serves to identify bags exclusively from Plaintiff.

15.     The trade dress of the Ramona bag, depicted in Exhibit A, includes a distinctive silhouette, oversized shoulder straps, two drawstrings running through a double row of oversized metal grommets, and a closure consisting of a leather strap, leather medallions, and rectangular metal buckle with round metal studs in its upper left and right corners.

16.     The trade dress of the Mahala, depicted in Exhibit B, includes a distinctive silhouette, shoulder straps reinforced with metal studs, ornamental straps attached to the front of the bag with metal studs and square metal rings, and two zippers on the front of the bag, with metal studs at each end of the zipper.

17.     The trade dress of the Marin/Mave, depicted in Exhibit C, includes a distinctive fold-over design secured by magnetic closures, a square metal ring attached to the top center of the bag by leather straps, a folded leather wrist strap with two metal studs attached by a ring to a metal grommet on the upper left corner of the bag, and zip pockets at the top and near the bottom of the bag, which appear parallel when the bag is folded.

18.     Jimmy Choo has spent substantial sums of money advertising and promoting the Jimmy Choo Bags and their trade dress in periodicals and other media in the U.S. since their creation, and these bags have had correspondingly substantial U.S. sales. Because of their unique and distinctive styles, the Jimmy Choo Bags have appealed to and been photographed with celebrities ranging from Eva Mendes to Lindsay Lohan. Defendants' attempts to plagiarize the Jimmy Choo Bags provide further evidence of their fame and distinctiveness.

19.    Because of Plaintiff's exclusive and extensive use of the trade dress of each of the Jimmy Choo Bags, that trade dress has acquired enormous value and is recognized as identifying and distinguishing Plaintiff exclusively and uniquely as the source of products sold thereunder.

B.    Defendants' Unlawful Acts

20.    Upon information and belief, Defendant Heather Gray runs Defendant ShopSueyBoutique,com, Inc., a retailer of handbags, jewelry, sunglasses, pins, brooches, and accessories, including online through the website located at <shopsueyboutique.com>. Upon information and belief, Defendants not only correspond with purchasers, including purchasers in this judicial district, by email, but sell their infringing products in this judicial district and through the rest of the United States through the Internet and wholesalers.

21.    According to the "About Us" section on Defendants' <shopsueyboutique.com> website, written by "Heather," who upon information and belief is Defendant Heather Gray, the site sells what it calls "designer inspired" "luxury looks for less." According to statements on that website, the goal of Defendants is to sell copies of expensive, recognizable, "it" bags, including those of Plaintiff, with the intention of confusing consumers in the post-sale context into believing that the bags are authentic designer handbags. *See* Exhibit F.

22.    Defendants have been and continue to knowingly offer knock-offs or replicas of the Jimmy Choo Bags and to trade on the recognition and consumer interest in the Jimmy Choo Bags. The knock-off of the Ramona bag is sold as the "Jillian Satchel," the knock-off of the Mahala bag is sold as the "Heather Hobo," and the knock-off of the Marin/Mave is sold as the "Quinn Clutch." Printouts from the Defendants' website showing these three bags are attached as Exhibits G, H, and I respectively. As can be seen from a comparison of the photographs of Defendants' knock-off bags (Exs. G, H, and I) to Plaintiff's authentic bags (Exs. A, B, and C)

and the Jimmy Choo Patents (see Exs. D-E), Defendants have copied the very aspects of the Jimmy Choo Bags covered by both the Jimmy Choo Patents and the trade dress of the Ramona, Mahala, and Marin/Mave bags (collectively, the "Jimmy Choo Trade Dress").

23.     The conduct noted above is not the first time Defendants Heather Gray and ShopSueyBoutique,com, Inc. have infringed Plaintiff's rights.  In 2004, those Defendants offered for sale knockoffs of Plaintiff's distinctive Tulita bag and used the trademarked JIMMY CHOO name to advertise and promote their infringing products.

24.     Following receipt of a demand letter from Plaintiff, Defendant Heather Gray represented in an email sent November 5, 2004 that, *inter alia*, "I have never manufactured or imported any replicas of any Jimmy Choo products" and "I will agree never to sell any handbags that possess a counterfeit Jimmy Choo trademark or are illegally made replicas." A copy of this email is attached hereto as Exhibit J.

25.     On November 19, 2004, Plaintiff's counsel sent a follow-up letter to Defendant Gray setting out her agreements and representations, including that "you have never manufactured or imported any replicas of any Jimmy Choo products" and "that you will not sell any handbags that are replicas of any Jimmy Choo products."  Ms. Gray never advised Plaintiff's counsel that any of these statements were false or inaccurate. A copy of this November 19, 2004 letter is attached hereto as Exhibit K.

26.     Notwithstanding Defendant Gray's prior representation that she would not sell or offer for sale bags that copied any of Plaintiff's designs, it is clear that Defendants have ignored that representation and are offering for sale replicas of Plaintiff's products.  Indeed, the Shop Suey Boutique website promotes the fact that Defendants sell copies of famous designer bags, and that their customers can acquire the prestige of owning genuine designer bags by buying

Defendants' products. (*See* Ex. F.) Indeed, as evidenced by the *People Stylewatch* article attached hereto as Exhibit L, the media has noted that Defendants' works copy the Jimmy Choo Bags and can serve as a cheap substitute.

27.    Defendants' very goal is to pass off their products as those of Plaintiff, to copy Plaintiff's products, to trade on the fame of the Jimmy Choo Bags and the Jimmy Choo Trade Dress and consumer interest in Plaintiff's goods, to acquire customers and to commercially benefit by misappropriating the Jimmy Choo Patents and Jimmy Choo Trade Dress. In doing so, Defendants are intentionally and willfully causing confusion as to the authenticity and source of their products and among consumers are taking Plaintiff's reputation hostage.

28.    Defendants are not affiliated with Plaintiff and have never been licensed or otherwise authorized by Plaintiff to use any of the Jimmy Choo Patents or the Jimmy Choo Trade Dress in connection with Defendants' products, or the advertising thereof. In fact, Defendants Heather Gray and ShopSueyBoutique,com, Inc. were expressly aware of Plaintiff's objection to the copying of Plaintiff's designs, and agreed not to do so.

29.    Defendants' infringing actions commenced well after Plaintiff began using the Jimmy Choo Trade Dress and after the Jimmy Choo Bags had achieved secondary meaning and has continued even after the registrations for the Jimmy Choo Patents issued. Defendants' use of the designs set forth in the Jimmy Choo Patents and the Jimmy Choo Trade Dress is with actual or constructive notice of Plaintiff's superior prior rights therein.

30.    Defendants' use of the designs set forth in the Jimmy Choo Patents and the Jimmy Choo Trade Dress is with the deliberate bad-faith intent to copy Plaintiff's design innovations, as well as to ride on the fame and goodwill that Plaintiff has established in its trade dress, and with the intent to create a false impression as to the source and sponsorship of Defendants' products.

If Defendants' conduct is not enjoined, it will injure the value of the Jimmy Choo Trade Dress and its ability to distinguish Plaintiff's goods from those of its competitors.

31.   Upon information and belief, Defendants have been aware at all relevant times that their "Jillian Satchel," "Heather Hobo," and "Quinn Clutch" bags copy the Jimmy Choo Bags, and infringe Plaintiff's intellectual property rights in those bags. Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

FIRST CLAIM FOR RELIEF:
PATENT INFRINGEMENT
(35 U.S.C. § 271)

32.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 31 above, and incorporates them herein by this reference.

33.   Plaintiff owns U.S. Design Patents D552,354, D547,945, and D547,944 for ornamental elements of the Ramona bag, and U.S. Design Patent D551,863 for ornamental elements of the Mahala bag. These patents are valid and subsisting, and the designs set forth in these patents are ornamental and non-functional.

34.   Defendants, without authorization from Plaintiff, have distributed, advertised, promoted, offered for sale, and sold bags that are studied imitations of and are substantially similar in overall appearance to each of the designs set forth in U.S. Design Patent Nos. D552,354, D547,945, D547,944, and D551,863, and embody the designs protected by those patents.

35.   More specifically, Defendants' knock-off of the Ramona bag, the "Jillian Satchel," appropriates the novel ornamental features of the designs set forth in Plaintiff's U.S. Design Patents D552,354, D547,945, and D547,944 that distinguish them from the prior art, to the extent that an ordinary observer, giving such attention as a purchaser usually gives, would find

Plaintiff's and Defendants' designs to be substantially the same, and would find the two designs to resemble each other sufficiently to be deceived, and to be induced to purchase one supposing it to be the other.

36.    Also, Defendants' knock-off of the Mahala bag, the "Heather Hobo," appropriates the novel ornamental features of the design set forth in Plaintiff's U.S. Design Patent D551,863 that distinguishes it from the prior art, to the extent that an ordinary observer, giving such attention as a purchaser usually gives, would find Plaintiff's and Defendants' designs to be substantially the same, and would find the two designs to resemble each other sufficiently to be deceived, and to be induced to purchase one supposing it to be the other.

37.    By reason of the foregoing, Defendants have committed patent infringement, and thus have violated and are continuing to violate Section 271 of the Patent Act, 35 U.S.C. § 271.

38.    Defendants' acts of patent infringement are willful and deliberate, and with actual or constructive knowledge of Plaintiff's rights in U.S. Design Patent Nos. D552,354, D547,945, D547,944, and D551,863.

39.    The aforesaid conduct is causing Plaintiff immediate and irreparable injury. Plaintiff has no adequate remedy at law.

SECOND CLAIM FOR RELIEF:<br>FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN<br>(15 U.S.C. §1125(a))

40.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 39 above, and incorporates them herein by this reference.

41.    The Jimmy Choo Trade Dress for each of the Ramona, Mahala and Marin/Mave bags is identified and associated in the public's mind exclusively with Plaintiff, highly distinctive of Plaintiff, and is entitled to protection.

42.   Defendants' knowing use of the Jimmy Choo Trade Dress for its copies of the Ramona, Mahala, and Marin/Mave bags constitutes false designation of origin and a false description or representation that Defendants' products originate from, or are offered, sponsored, authorized, licensed by, or otherwise connected with Plaintiff, and is thereby likely to confuse consumers.

43.   By reason of the foregoing, Defendants have willfully violated and are continuing to willfully violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

44.   Defendants' acts of unfair competition/false designation of origin are willful and deliberate, and were done with the intent to reap the benefit of the goodwill and reputation associated with Plaintiff's trademarks.

45.   The aforesaid conduct is causing Plaintiff immediate and irreparable injury. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment as follows:

1.   That an injunction be issued permanently enjoining Defendants, individually and collectively, and any of their employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by either of the Defendants, and all those in active concert and participation with any of the Defendants, and each of them who receives notice directly or otherwise of such injunction, from:

      (a)   Imitating, copying, or making unauthorized use of the designs set forth in the Jimmy Choo Patents, or any variation, simulation, or colorable imitations thereof, or any other patents owned by Plaintiff;

      (b)   Imitating, copying, or making unauthorized use of the Jimmy Choo Trade Dress, or any variation, simulation or colorable imitations thereof, or any

other trade dress owned by Plaintiff;

(c)    Using in any manner in their business or in connection with any

products or services or business, directly or indirectly, any simulation,

reproduction, copy or colorable imitation of the Jimmy Choo Patents, the

Jimmy Choo Trade Dress, or any other patented work, trade dress, or mark

owned by Plaintiff, or any variation, simulation or colorable imitation

thereof, in such a fashion as to relate or connect, or tend to relate or

connect, such product or service to be in any way associated,

manufactured, owned, sponsored , approved by or connected with

Plaintiff;

(d)    Using any false designation of origin or false description (including

without limitation any letters or symbols), or performing any act, which

can, or is likely to, lead members of the trade or public to believe that any

product or service rendered, offered for sale, advertised or promoted by

Defendants are in any manner associated or connected with Plaintiff, or is

owned, manufactured, licensed, sponsored, approved, or authorized by

Plaintiff; and

(e)    Assisting, aiding or abetting any other person or business entity in

engaging in or performing any of the activities referred to in

subparagraphs (a) through (d) above.

2.    Directing that Defendants deliver to Plaintiff's counsel for destruction all products,

packaging, promotional materials, advertising materials, catalogs, and any other items that

embodies or incorporates the Jimmy Choo Patents or the Jimmy Choo Trade Dress, or that

embodies, bears, contains, or incorporates any other patent, trade dress, or mark owned by Plaintiff, or any variation, simulation or colorable imitation thereof.

3.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised, or promoted by or on behalf of Defendants are authorized by Plaintiff or related in any way to Plaintiff's products.

4.    Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

5.    Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendants' acts of patent infringement and trade dress infringement, and in no event less than a reasonable royalty for its patent infringement, and trebling said amount pursuant to 15 U.S.C. §1117 and 35 U.S.C. § 284.

6.    Requiring Defendants to account for and pay over to Plaintiff the profits, gains, and advantages obtained or derived by Defendants from their acts of patent infringement and trade dress infringement, including pursuant to 15 U.S.C. §1117 and 35 U.S.C. § 289.

7.    Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees pursuant to 15 U.S.C. §1117 and 35 U.S.C. § 285.

8.    Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums.

9.    Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
       December 10, 2007

FROSS ZELNICK LEHRMAN & ZISSU

By: _____

Barbara A. Solomon (BS 8845)
Evan Gourvitz (EG 5449)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Tel.:  (212) 813-5900
Fax:  (212) 813-5901
*Attorneys for Plaintiff J. Choo Limited*

# EXHIBIT A



# EXHIBIT  B



# EXHIBIT C

## MARIN

Close [X]

VIEW MORE IMAGES >



VIEW MORE IMAGES >

**MAVE**

Close [X]

VIEW MORE IMAGES ▶



VIEW MORE IMAGES ▶

# EXHIBIT  D

US00D552354S

(12) **United States Design Patent**   (10) Patent No.:     **US D552,354 S**
Gonzalez                                 (45) Date of Patent:   **     Oct. 9, 2007**

(54) **HANDBAG**

(75) Inventor:   **Alvaro Gonzalez**, Florence (IT)

(73) Assignee:   **J. Choo Limited**, London (GB)

(**) Term:   **14 Years**

(21) Appl. No.:   **29/255,758**

(22) Filed:   **Mar. 9, 2006**

(30)   **Foreign Application Priority Data**

Sep. 9, 2005   (EM)   .................... 000401484-0015

(51) **LOC (8) Cl.** ................................................ **03-01**
(52) **U.S. Cl.** ........................................................ **D3/324**
(58) **Field of Classification Search** ................ D3/232,
D3/234, 238, 240, 241, 242, 243, 244, 245,
D3/246, 303, 318, 319, 321, 322, 323, 324,
D3/325, 326, 900, 902;  150/100, 107, 108,
150/110, 111, 118, 119, 120;  190/100, 108,
190/109, 112, 115, 900, 902, 903;  383/6,
383/25, 30, 31, 38, 42, 70, 71, 72, 74, 75,
383/76, 78, 84, 117, 907
See application file for complete search history.

(56)   **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 708,234 | A | * | 9/1902 | Laird | ........................... 383/76 |
| 931,627 | A | | 8/1909 | Lazarovich-Hrebelian | |
| 1,186,590 | A | * | 6/1916 | McIlvaine | .................... 383/71 |
| D118,076 | S | | 12/1939 | Murphy | |
| D136,593 | S | | 11/1943 | Phelps | |
| D171,520 | S | * | 2/1954 | Spradling | .................... D3/244 |
| 2,832,116 | A | * | 4/1958 | Clevett, Jr. et al. | ........... 383/76 |
| D219,119 | S | | 11/1970 | Marshall | |
| D220,414 | S | | 4/1971 | Marshall | |
| D281,201 | S | | 11/1985 | Schimmel | |
| D326,016 | S | | 5/1992 | Guaresi | |
| D333,565 | S | | 3/1993 | Imbert | |
| 5,287,903 | A | | 2/1994 | Ambasz | |
| D502,805 | S | | 3/2005 | Gonzalez | |

| | | | | | |
|---|---|---|---|---|---|
| D525,425 | S | * | 7/2006 | Gerbi | ........................... D3/246 |

FOREIGN PATENT DOCUMENTS

JP   2002-142829   5/2002

OTHER PUBLICATIONS

BALENCIAGA, Handbag, printed from http://www.styledrops.com/handbags-15435.html on Sep. 20, 2006.
MIU MIU, Handbag, printed from http://www.styledrops.com/handbags-14731.html on Sep. 20, 2006.
PRADA, Handbag, printed from http://www.styledrops.com/handbags-11983.html on Sep. 20, 2006.
PRADA, Handbag, printed from http://www.styledrops.com/handbags-14467.html on Sep. 20, 2006.
PRADA, Handbag, printed from http://www.styledrops.com/handbags-14196.html on Sep. 20, 2006.
PRADA, Handbag, printed from http://www.styledrops.com/handbags-15012.html on Sep. 20, 2006.

(Continued)

*Primary Examiner*—Louis S. Zarfas
*Assistant Examiner*—Kathleen Sims
(74) *Attorney, Agent, or Firm*—Fross Zelnick Lehrman & Zissu, P.C.; Lawrence E. Apolzon, Esq.; Charles T. J. Weigell, Esq.

(57)   **CLAIM**

The ornamental design for a handbag, as shown and described.

**DESCRIPTION**

FIG. 1 is a front perspective view of a handbag showing my handbag design;

FIG. 2 is a front view of the handbag;

FIG. 3 is a left side view of the handbag;

FIG. 4 is a right side view of the handbag; and,

FIG. 5 is a top view of the handbag.

The broken line showing of the handles, grommets, straps, buckle, and portions of the bag structure is for illustrative purposes only and forms no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



**US D552,354 S**

Page 2

OTHER PUBLICATIONS

Mari Max, "High Park Jackie" Shoulder bag, printed from http://www.marimaxssi.com/handbags4.html, Sep. 19, 2006.

Handmade Extraordinary Accessories, Handbags, printed from http://www.handmadenyc.com/handbags.html, on Sep. 19, 2006.

DIOR, "Cannage Large Shopper" handbag, printed from http://www.eluxury.com/browse/product_detail.jhtml?SectionD=9000&styleid=11222549, printed on Sep. 2, 2006.

PRADA, Black Nylon and Leather Handbag, printed from http://www.ashford.com/ on Sep. 7, 2006.

J. Renee, "Destin/Emory" Handbag, printed from http://www.zappos.com/n/p/dp/16211489/c/17.html on Sep. 7, 2006.

Overlimit Co. Ltd., Handbag, printed from http://overlimitz.en.alibaba.com/ on Sep. 2, 2006.

Elliot Lucca, "Winona" Drawstring bag, printed from http://shop.nordstrom.com/C/2383730/0-2376779-2374605-2383730?origin=6002309_Select+a+Brand6002309, on Sep. 27, 2006.

KOOBA, "Ginger" handbag, printed from http://www.revolveclothing.com/.

Kenneth Cole New York, "Make the Braid II" Satchel, printed from http://shop.nordstrom.com/.

Anna Corinna, Drawstring Bag, printed from http://www.shopintuition.com/.

BULGA, Navy Medium Studded Tote, printed from http://www.pinkmascara.com/.

KOOBA, "Metallic Carla" handbag, printed from http://www.pinkmascara.com/.

HYPE, "Dublino" Hobo, printed from http://shop.nordstrom.com/.

Page from ELLE magazine of multiple handbags, unspecified date.

DIOR advertisement, unspecified date.

J. Choo (Jersey) Limited, Tulita Hobo Large, Spring/Summer 2004 Catalogue.

U.S. Appl. No. 29/238,642, filed Sep. 19, 2005.

U.S. Appl. No. 29/243,045, filed Nov. 17, 2005.

U.S. Appl. No. 29/255,773, filed Mar. 9, 2006.

U.S. Appl. No. 29/251,896, filed Jan. 12, 2006.

U.S. Appl. No. 29/263,299, filed Jul. 19, 2006.

U.S. Appl. No. 29/263,034, filed Jul. 14, 2006.

U.S. Appl. No. 29/263,281, filed Jul. 19, 2006.

Vintage Bag with Ring, undated photograph.

"New 'It' Bag!," Ramona handbag, People Magazine, Spring 2006.

* cited by examiner



FIG. 1



FIG. 2



FIG. 3

**U.S. Patent**          Oct. 9, 2007          **Sheet 4 of 5**          US D552,354 S



FIG. 4



FIG. 5

US00D547944S

(12) **United States Design Patent**    (10) Patent No.:      **US D547,944 S**
Gonzalez                                 (45) Date of Patent:    ** **Aug. 7, 2007**

(54) HANDBAG

(75) Inventor:  Alvaro Gonzalez, Florence (IT)

(73) Assignee: J. Choo Limited, London (GB)

(**)  Term:      14 Years

(21) Appl. No.: 29/271,537

(22) Filed:     Jan. 22, 2007

**Related U.S. Application Data**

(62) Division of application No. 29/255,758, filed on Mar. 9, 2006.

(30)      **Foreign Application Priority Data**

Sep. 9, 2005    (EM)  ...................... 000401484-0015

(51) LOC (8) Cl. ............................................. 03-01
(52) U.S. Cl. ............................................... D3/232
(58) Field of Classification Search ................. D3/232,
       D3/234, 238, 240, 241, 242, 243, 244 -246,
       D3/303, 318–319, 321–326, 900-902; 150/100,
       150/107, 108, 110, 111, 118, 119, 120; 190/100,
                                              190/108
       See application file for complete search history.

(56)        **References Cited**

U.S. PATENT DOCUMENTS

708,234 A  *  9/1902  Laird ........................... 383/26

| 1,186,590 A | * | 6/1916 | McIlvaine ..................... 383/71 |
| D171,520 S | * | 2/1954 | Sprading ...................... D3/244 |
| 2,832,116 A | * | 4/1958 | Clevett, Jr. et al. ...... 24/30.5 R |
| D525,425 S | * | 7/2006 | Gerbi ............................ D3/246 |

* cited by examiner

*Primary Examiner*—Louis S. Zarfas
*Assistant Examiner*—Michelle E. Wilson
(74) *Attorney, Agent, or Firm*—Fross Zelnick Lehrman & Zissu, P.C.; Lawrence E. Apolzon, Esq.; Charles T. J. Weigell, Esq.

(57)            **CLAIM**

The ornamental design for a handbag, as shown and described.

**DESCRIPTION**

FIG. 1 is a front perspective view of a handbag showing my handbag design;

FIG. 2 is a front view of the handbag shown in FIG. 1;

FIG. 3 is a rear view of the handbag shown in FIG. 1;

FIG. 4 is a left side view of the handbag shown in FIG. 1;

FIG. 5 is a right side view of the handbag shown in FIG. 1;

FIG. 6 is a top view of the handbag shown in FIG. 1; and,

FIG. 7 is a bottom view of the handbag shown in FIG. 1.

The broken line showing of the handles, is for illustrative purposes only and forms no part of the claimed design.

**1 Claim, 7 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6

**U.S. Patent**    Aug. 7, 2007    Sheet 7 of 7    US D547,944 S



FIG. 7

US00D547945S

(12) **United States Design Patent**   (10) Patent No.:    **US D547,945 S**

Gonzalez   (45) Date of Patent:    ** Aug. 7, 2007

(54) **HANDBAG**

(75) Inventor: **Alvaro Gonzalez**, Florence (IT)

(73) Assignee: **J. Choo Limited**, London (GB)

(**) Term: **14 Years**

(21) Appl. No.: 29/249,890

(22) Filed: Oct. 25, 2006

**Related U.S. Application Data**

(63) Continuation of application No. 29/255,758, filed on Mar. 9, 2006.

(51) LOC (8) Cl. .................................... 03-01
(52) U.S. Cl. .................................... D3/243
(58) Field of Classification Search ............ D3/232, D3/234, 238, 240, 241, 242, 243, 244, 245, D3/246, 303, 318, 319, 321, 322, 323, 324, D3/325, 326, 900, 902; 150/100, 107, 108, 150/110, 111, 118, 119, 120; 190/100, 108, 190/109, 112, 115, 900, 902, 903; 383/31, 383/38, 42, 70, 71, 72, 74, 75, 76, 78, 84, 383/117, 907, 6, 25, 30
See application file for complete search history.

(56)                 **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 708,234 | A | * | 9/1902 | Laird ............................ 383/76 |
| 931,627 | A | | 8/1909 | Lazarovich-Hrebelian |
| 1,186,590 | A | * | 6/1916 | McIlvaine .................. 383/71 |
| D118,076 | S | | 12/1939 | Murphy |
| D136,593 | S | | 11/1943 | Phelps |
| D171,520 | S | * | 2/1954 | Spradling .................. D3/244 |
| 2,832,116 | A | * | 4/1958 | Clevett, Jr. et al. ......... 383/76 |
| D219,119 | S | | 11/1970 | Marshall |
| D220,414 | S | | 4/1971 | Marshall |
| D281,201 | S | | 11/1985 | Schimmel |
| D326,016 | S | | 5/1992 | Guaresi |
| D333,565 | S | | 3/1993 | Imbert |

| | | | | |
|---|---|---|---|---|
| 5,287,903 | A | | 2/1994 | Ambesz |
| D502,805 | S | | 3/2005 | Gonzalez |
| D525,425 | S | * | 7/2006 | Gerbi ............................ D3/246 |

FOREIGN PATENT DOCUMENTS

JP          2002-142829        5/2002

OTHER PUBLICATIONS

Balenciaga, Handbag, printed from http://www.styledrops.com/handbags-15435.html on Sep. 20, 2006.
Miu Miu, Handbag, printed from http://www.styledrops.com/handbags-14731.html on Sep. 20, 2006.

(Continued)

*Primary Examiner*—Louis S. Zarfas
*Assistant Examiner*—Monica A. Weingart
(74) *Attorney, Agent, or Firm*—Fross Zelnick Lehrman & Zissu, PC; Charles T. J. Weigell, Esq

(57)                    **CLAIM**

The ornamental design for a handbag, as shown and described.

**DESCRIPTION**

FIG. 1 is a front perspective view of a handbag showing my handbag design;

FIG. 2 is a front view of the handbag shown in FIG. 1;

FIG. 3 is a rear view of the handbag shown in FIG. 1;

FIG. 4 is a left side view of the handbag shown in FIG. 1;

FIG. 5 is a right side view of the handbag shown in FIG. 1;

FIG. 6 is a top view of the handbag shown in FIG. 1; and,

FIG. 7 is a bottom view of the handbag shown in FIG. 1.

The broken line showing of portions of the handles, portion of the straps, strap loop, buckle, portion of the handbag, closure flap, central clasp, and rivets is for illustrative purposes only and forms no part of the claimed design.

**1 Claim, 7 Drawing Sheets**



**US D547,945 S**

Page 2

OTHER PUBLICATIONS

PRADA, Handbag, printed from http://www.styledrops.com/hand-bags-11983.html on Sep. 20, 2006.

PRADA, Handbag, printed from http://www.styledrops.com/hand-bags-14467.html on Sep. 20, 2006.

PRADA, Handbag, printed from http://www.styledrops.com/hand-bags-14196.html on Sep. 20, 2006.

PRADA, Handbag, printed from http://www.styledrops.com/hand-bags-15012.html on Sep. 20, 2006.

Mari Max, "High Park Jackie" Shoulder bag, printed from http://www.marimaxssi.com/handbags4.html, Sep. 19, 2006.

Handmade Extraordinary Accessories, Handbags, printed from http://www.handmadenyc.com/handbags.html, on Sep. 19, 2006.

DIOR, "Cannage Large Shopper" handbag, printed from http://www.eluxury.com/browse/product_detail.jhtml?SectionID=9000&styleid=11222549; printed on Sep. 2, 2006.

PRADA, Black Nylon and Letter Handbag, printed from http://www.ashford.com/ on Sep. 7, 2006.

J. Renee, "Destin/Emory" Handbag, printed from http://www.zappos.com/n/p/dp/16211489/c/17.html on Sep. 7, 2006.

Overlimit Co. Ltd., Handbag, printed from http://overlimitz.en.alibaba.com/ on Sep. 2, 2006.

Elliot Lucca, "Winona" Drawstring bag, printed from http://shop.nordstrom.com/c/2383730/0~2376779~2374605~2383730?origin=6002309_Select+a+Brand6002309, on Sep. 27, 2006.

J. Choo (Jersey) Limited, Tulita Hobo Large, Spring/Summer 2004 Catalogue.

U.S. Appl. No. 29/238,642, filed Sep. 19, 2005.

U.S. Appl. No. 29/243,045, filed Nov. 17, 2005.

U.S. Appl. No. 29/255,773, filed Mar. 9, 2006.

U.S. Appl. No. 29/251,896, filed Jan. 12, 2006.

U.S. Appl. No. 29/263,299, filed Jul. 19, 2006.

U.S. Appl. No. 29/263,034, filed Jul. 14, 2006.

U.S. Appl. No. 29/263,281, filed Jul. 19, 2006.

Vintage Bag with Ring, undated photograph.

"New 'it' Bag!," Ramona handbag, People Magazine, Spring 2006.

* cited by examiner

**U.S. Patent**       Aug. 7, 2007       Sheet 1 of 7        US D547,945 S



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7

# EXHIBIT E



US00D551863S

(12) **United States Design Patent**    (10) Patent No.:    **US D551,863 S**
Gonzalez    (45) Date of Patent:    ✱✱    Oct. 2, 2007

(54) **HANDBAG**

(75) Inventor:    **Alvaro Gonzalez**, Florence (IT)

(73) Assignee:    **J. Choo Limited**, London (GB)

(✱✱) Term:    **14 Years**

(21) Appl. No.: **29/263,357**

(22) Filed:    **Jul. 20, 2006**

(30)    **Foreign Application Priority Data**

Jan. 20, 2006    (EM)    .................... 000469937-0008

(51) LOC (8) Cl.    ....................................... 03-01
(52) U.S. Cl.    ....................................... D3/321
(58) Field of Classification Search    ................ D3/232,
D3/233, 234, 238, 240, 241, 242, 243, 244,
D3/245, 246, 303, 318, 321, 322; 150/100,
150/106, 107, 110, 111, 118; 190/100, 118,
190/115; 383/4, 6, 12, 30, 31, 42, 71, 72,
383/74, 75, 76, 77, 78, 98, 117
See application file for complete search history.

(56)    **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D180,342 | S | ✱ | 5/1957 | Reed ........................ D3/243 |
| D245,645 | S | | 8/1977 | Cassor |
| D369,675 | S | | 5/1996 | Gregg |
| D501,082 | S | ✱ | 1/2005 | Morelli ..................... D3/246 |
| D510,660 | S | ✱ | 10/2005 | Suppancig ................. D3/246 |
| D518,959 | S | | 4/2006 | Gonzalez |
| D519,737 | S | | 5/2006 | Gonzalez |
| D520,743 | S | | 5/2006 | Gonzalez |
| D521,233 | S | | 5/2006 | Gonzalez |
| D522,237 | S | ✱ | 6/2006 | Stulman ..................... D3/241 |
| D523,241 | S | | 6/2006 | Gonzalez |
| D523,631 | S | | 6/2006 | Guyon |
| D525,425 | S | ✱ | 7/2006 | Gerli ........................ D3/246 |
| D531,405 | S | ✱ | 11/2006 | Tortorella ................. D3/246 |

* cited by examiner

Primary Examiner—Louis S. Zarfas
Assistant Examiner—Monica A. Weingart
(74) Attorney, Agent, or Firm—Fross Zelnick Lehrman &
Zissu, P.C.; Lawrence E. Apolzon, Esq

(57)    **CLAIM**

The ornamental design for a handbag, as shown and
described.

**DESCRIPTION**

FIG. 1 is a front perspective view of a handbag showing my
new design;

FIG. 2 is a front elevational view thereof;

FIG. 3 is a right side elevational view, the left side being a
mirror image thereof;

FIG. 4 is a top plan view thereof; and,

FIG. 5 is a bottom plan view thereof.

The broken line showing of the buckles, portions of the
handles, portions of the handbag, zipper track, zipper, and
zipper pull is for illustrative purposes only and forms no part
of the claimed design.

**1 Claim, 5 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5

# EXHIBIT  F



**800-216-6581**
Monday - Friday, 10:00am - 5:00pm
Saturday, 12:00pm - 4:00pm

**Check out the latest, hottest trends.**
click here for our blog!



GET FREE
SUNGLASSES:
click here
for promo code.



shop online
blog
email list
contact us
about us
faq
testimonials
tell a friend
as seen in...
order status
store location

## About Shop-Suey Boutique

Let's face it, us working girls can't afford to shell out $800+ dollars for the seasons latest "IT" bag! I'm a firm believer in staying relevant with fashion but, come on! In a time long ago I too, would obsess over and buy the latest authentic designer bag and love it, like it was my own child. Until the next Vogue Magazine arrived, only to find that my baby was on it's way out of style! What's worse was all the new, cute handbags on the pages of that magazine would lure me into my next obsession. All this and I haven't even paid off the credit card bill from my last indulgence! The cycle continues. I'm sure you can relate!

It was a good day when I discovered luxury looks for less! I suddenly found that I could buy not only one but, possibly all of the seasons latest bags for literally a fraction of the price I would pay for one authentic bag , can you imagine! Friends and co-workers looked on with envy as I sported a new, very expensive handbag to match almost every outfit. I would just smile; they had no idea my bags were designer inspired! Then it hit me, I could be doing girls like me a favor, saving them lots of money and helping them keep up with the ever-changing trends by sharing my secret. A friend suggested that we do a boutique party in our office during the lunch hour, what a success! You can't imagine how excited the girls were to get away from their desks and shop right there at work, it was such fun! After that little lunch hour my life changed. Friends and friends of friends and sisters and cousins from all over were contacting me to either do a boutique party for them or find their "IT" bag. So, in keeping with the American dream, I thought, why not start my own business? And I did!

This website is a Shop-Suey Boutique party that is open 24 hours a day! I update the site often so, be sure to bookmark us in your favorite places. If you are looking for a bag that you have seen in a magazine or on another site and don't see it here, email me and let me know I'll find it for you!

Enjoy your shopping,

Heather

| Join Our Mailing List | |
|---|---|
| Email: | Go |

Go Back

# EXHIBIT  G



**Current Category:** Search Results

Search
Advanced Search

*Navigate:* Continue Shopping / Search Results / **JILLIAN SATCHEL**

| Product | Description | Price |
|---|---|---|
| **JILLIAN SATCHEL** | 4 colors available | ~~$48.00~~ $32.99 |



**Select Color**

tan

In Stock

1     ADD TO CART

Ship To: yourself

soft leather like material
top zips closed
brushed brass hardware
interior zip pocket
cell and sunglass pockets
handle drop 12"
measures 15Wx12Hx5D

$32.99

FINAL SALE



# EXHIBIT  H



**As Seen In**

GET FREE
SUNGLASSES:
click here
for promo code.

HACKER SAFE
TESTED 19-DEC

**Current Category:** Search Results

Advanced Search

(800)216-6581
info@shopsueybouti

*Navigate:* Continue Shopping  /  Search Results  /  **HEATHER HOBO**

Returning Customer?
Log In | My Account/Reorder

**Product**

**HEATHER HOBO**
In Stock

**Price**

$52.00

**Shopping Cart**

TELL A FRIEND ABOUT THIS PRODUCT    BOOKMARK THIS PRODUCT

shop online
blog
email list
contact us
about us
faq
testimonials
tell a friend
as seen in...
order status
store location

**Select Color**
red

Ship To: yourself

ADD TO CART

*The Shopping Cart is currently empty.*

Stunning Quality!
faux python material
suede trim
top zips closed
gold hardware
two exterior pockets
interior zip pocket
cell and sunglass
pockets
handle drop 9"
measures
15Wx12Hx6D

red

Enter Coupon   Order Gift Certificate   Rede Gi Certif

Powered by Nexternal Solutions

Home | About Us | Service | Search | Blog

© Shop-Suey Boutique. All Rights Reserved.

Website Managed by Shek Designs

# EXHIBIT I



# EXHIBIT J

| From: | <Shopsueyboutique@aol.com> |
|---|---|
| To: | <bsolomon@frosszelnick.com> |
| Date: | 11/5/04 5:31PM |
| Subject: | response from Shop Suey |

November 5, 2004

Shop-Suey Boutique
2053 Marengo Ave
South Pasadena, CA 91030

Dear Ms. Solomon:

This letter is in response to your list of demands. Before I address these demands, I would like to point out that by replying to your letter and agreeing to some of these requests, I am not admitting that any handbags I sell are illegal Jimmy Choo replicas and I am not admitting that I have acted in any way that would violate trademark infringement laws. However, in response to your threats, I am willing to comply with some of your demands to stop your harassment and to avoid any further communication with you or your client.

1)    I have never manufactured or imported any replicas of any Jimmy Choo products. I will agree to never sell any handbags that possess a counterfeit Jimmy Choo trademark or are illegally made replicas.

2)    I will not reference Jimmy Choo, the client or the trademark, on my website, as I informed you in my prior e-mail.

3)    I do not keep an inventory of bags, as I work from my home and purchase upon customer demand. Therefore, I do not have any bags to destroy and if I come across any I will ensure they are not offered for sale.

4)    I will gladly provide you with the source of the bags I sell. I purchase in the Los Angeles Garment District, in an area commonly known as "the alley". I buy my bags from street vendors who I do not have an ongoing relationship with, many who do not speak English.

5)    Even if I had exact data regarding my bag sales, I do not feel that this information is important to resolving this issue, nor of any great interest to your client. As it is, I would not be able to provide you with an exact figure and as I have already informed you that I do not have an inventory of bags.

6)    I am not going to reimburse your client for any attorney's fees incurred in this matter.

I expect to hear from you as soon as you have presented your client with my responses. Obviously, I do not wish to be involved in a lawsuit with your client and I hope that my cooperation in this matter can preclude one.

Sincerely,

Heather Gray

Shop-Suey Boutique

# EXHIBIT K

RONALD J. LEHRMAN
DAVID WEILD III
STEPHEN BIGGER
MICHAEL I. DAVIS
ROGER L. ZISSU
MARIE V. DRISCOLL
RICHARD Z. LEHV
DAVID W. EHRLICH
SUSAN UPTON DOUGLASS
JANET L. HOFFMAN
PETER J. SILVERMAN
LAWRENCE ELI APOLZON
BARBARA A. SOLOMON
LISA PEARSON
MARK D. ENGELMANN
NADINE H. JACOBSON
ANDREW N. FREDBECK
GEORGES NAHITCHEVANSKY
CRAIG S. MENDE
PATRICK T. PERKINS
J. ALLISON STRICKLAND
JOHN P. MARGIOTTA
MARIA A. SCUNGIO

# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

866 UNITED NATIONS PLAZA
AT FIRST AVENUE & 48TH STREET
NEW YORK, N. Y. 10017

TELEPHONE: (212) 813-5900
FACSIMILE: (212) 813-5901
E-MAIL: fzlz@frosszelnick.com

JAMES D. SILBERSTEIN
RUTH E. LAZAR
JOYCE M. FERRARO
PHILIP T. SHANNON
MICHELLE P. FOXMAN
      COUNSEL

ROBERT A. BECKER
TAMAR NIV BESSINGER
ANGELA KIM
LYDIA T. GOBENA
MICHAEL CHIAPPETTA
EVAN GOURVITZ
CARLOS CUGURELLA
NANCY C. DICONZA
ZOE HILDEN
LAUREN J. MANDELL
JAMES D. WEINBERGER
JASON M. VOGEL
VEJAY G. LALLA
DAVID I. GREENBAUM
DAVID DONAHUE
CHARLOTTA MEDER
MELISSA A. ANTONECCHIA
NANCY SABARRA
LAURA POPP-ROSENBERG
IRENE SEGAL AYERS*
CARA BOYLE
JOHN M. GALLAGHER

*ADMITTED IN OH. ONLY

November 19, 2004

**BY EXPRESS MAIL**

Ms. Heather Gray
Shop-Suey Boutique
18027 Valerio Street
Reseda, California 91335

Re:    Sale of Replica Jimmy Choo Handbags
       (Our Ref.: JCHO USA TC-04/17393)

Dear Ms. Gray:

As you know, we are outside counsel to J. Choo (Jersey) Limited, commonly known and doing business as Jimmy Choo. On October 19, 2004, we contacted you concerning your unlawful sale of replica Jimmy Choo handbags at your website *www.shopsueyboutique.com*. Since sending that letter, you have advised us that you have not manufactured, imported or sold bags containing the JIMMY CHOO mark and do not plan to do so; that you have never manufactured or imported any replicas of any Jimmy Choo products; that you will not sell any handbags that are replicas of any Jimmy Choo products; that you will not reference the JIMMY CHOO mark or our client on your website, that you do not have inventory of the products; and that you purchased the products in the Los Angeles garment district.

Based on these representations and on the fact that currently no replica products of our client appear on your site, we will forebear for now from taking action. Be advised, however, that should any of the statements that you provided to us and that are set forth above prove untrue or should it come to our client's attention that you are infringing on any of our client's intellectual property rights, including, but not limited to, trademarks, trade dress or design patents, our client will take immediate action against you, will file suit against you, and will seek all available remedies, including increased monetary remedies, based on your willful conduct.

Shop-Suey Boutique
November 19, 2004
Page 2


    This letter is written without waiver of any of our client's rights or remedies, all of which are expressly reserved.

Very truly yours,

Barbara A. Solomon

BAS/fok

# EXHIBIT L



**DAY**
Subtly sexy pieces and loose dresses work for the office and after hours.

**VICTORIA'S**
**Sexy Sophistication**

**Foster Grant**
"Bordeaux" aviators with crystal detail, $22; fostergrant.com for stores

**New York & Company**
Charmeuse button-down blouse, $36.95, and satin stovepipe pants, $44.95; 800-961-9906; nyandcompany.com;

**ShopSuey Boutique.com**
Faux leather belt with metal hardware, $14; 800-216-6581; shopsueyboutique.com

**JUST THE CLUTCH**
**$1,250!**

**Urban Expressions**
"Quinn" faux leather fold-over zip clutch, $28; 800-216-6581; shopsueyboutique.com

**Colin Stuart for Victoria's Secret Catalogue**
Faux patent leather t-strap pumps, $65; 800-888-8200; victoriassecret.com

**TOTAL OUTFIT**
**$210.90**

Victoria Beckham carrying a Jimmy Choo clutch.

Halle Berry wearing a Bochic necklace.

**JUST THE NEC**
**$8,7**

78  November 2007  PEOPLE STYLEWATCH

FROM LEFT: SPLASH NEWS; RAM