**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
J. CHOO, LIMITED

                    Plaintiffs,

       -against-

SHOPSUEYBOUTIQUE.COM, INC.
AND HEATHER GRAY,

                    Defendants.
------------------------------------------------------------------X

**DEFENDANTS' ANSWER AND DEFENSES**

Index No. 07-CV-11167

Defendants, by their attorney, Todd Wengrovsky, for their Answer and Defenses, state as follows:

### "SUBSTANCE OF THE ACTION" SECTION OF COMPLAINT

1. Defendants deny each and every allegation of Paragraph 1 of the Complaint.

2. Defendants deny each and every allegation of Paragraph 2 of the Complaint.

### "JURISDICTION AND VENUE" SECTION OF COMPLAINT

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegation of Paragraph 4 of the Complaint that Defendants own and operate the shopsueyboutique.com website, but deny the remaining allegations of Paragraph 4 of the Complaint.

5. Defendants deny each and every allegation of Paragraph 5 of the Complaint.

### "PARTIES" SECTION OF COMPLAINT

6. Defendants admit the allegations of Paragraph 6 of the Complaint.

7. Defendants admit the allegations of Paragraph 7 of the Complaint relative to Defendants' business name and address, but deny all other allegations of Paragraph 7 of the Complaint.

8. Defendants admit the allegations of Paragraph 8 of the Complaint relative to Defendant Gray's ownership of the business, but deny all other allegations of Paragraph 8 of the Complaint.

9. Defendants deny each and every allegation of Paragraph 9 of the Complaint.

"FACTS COMMON TO ALL CLAIMS FOR RELIEF" SECTION OF COMPLAINT

10. Defendants admit the allegations of Paragraph 10 of the Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and on that basis deny the allegations of Paragraph 11 of the Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and on that basis deny the allegations of Paragraph 12 of the Complaint.

13. Defendants deny each and every allegation of Paragraph 13 of the Complaint.

14. Defendants deny each and every allegation of Paragraph 14 of the Complaint.

15. Defendants admit the allegations of Paragraph 15 of the Complaint relative to the description of the photographs attached to the Complaint as exhibits, but deny all other allegations of Paragraph 15 of the Complaint.

16. Defendants admit the allegations of Paragraph 16 of the Complaint relative to the description of the photographs attached to the Complaint as exhibits, but deny all other allegations of

Paragraph 16 of the Complaint.

17. Defendants admit the allegations of Paragraph 17 of the Complaint relative to the description of the photographs attached to the Complaint as exhibits, but deny all other allegations of Paragraph 17 of the Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint relative to Plaintiff's advertising, sales figures, and product usage and on that basis deny such allegations of Paragraph 18 of the Complaint, Defendants deny the allegation of Paragraph 18 of the Complaint relative to alleged plagiarizing.

19. Defendants deny each and every allegation of Paragraph 19 of the Complaint.

20. Defendants admit the allegations of Paragraph 20 of the Complaint.

21. Defendants admit the allegations of Paragraph 21 of the Complaint regarding Defendants' website bearing the text "designer inspired" and "luxury looks for less", but Defendants deny the allegation in Paragraph 21 of the Complaint relative to alleged intent to confuse consumers, and deny the allegation that Defendants intended to sell copies of Plaintiff's bags.

22. Defendants deny each and every allegation of Paragraph 22 of the Complaint.

23. Defendants deny each and every allegation of Paragraph 23 of the Complaint.

24. Defendants admit the allegations of Paragraph 24 of the Complaint.

25. Defendants admit the allegations of Paragraph 25 of the Complaint.

26. Defendants deny each and every allegation of Paragraph 26 of the Complaint.

27. Defendants deny each and every allegation of Paragraph 27 of the Complaint.

28. Defendants admit the allegation of Paragraph 28 of the Complaint that the parties are unaffiliated with one another, but deny all other allegations of Paragraph 28 of the Complaint.

29. Defendants deny each and every allegation of Paragraph 29 of the Complaint.

30. Defendants deny each and every allegation of Paragraph 30 of the Complaint.

31. Defendants deny each and every allegation of Paragraph 31 of the Complaint.

## "FIRST CLAIM FOR RELIEF" SECTION OF COMPLAINT

32. Defendants repeat and incorporate by reference its replies in Paragraphs 1 through 31 herein inclusive.

33. Defendants admit the allegation in Paragraph 33 of the Complaint that Plaintiff owns the patents in question, but deny each and every remaining allegation of Paragraph 34 of the Complaint.

34. Defendants deny each and every allegation of Paragraph 34 of the Complaint.

35. Defendants deny each and every allegation of Paragraph 35 of the Complaint.

36. Defendants deny each and every allegation of Paragraph 36 of the Complaint.

37. Defendants deny each and every allegation of Paragraph 37 of the Complaint.

38. Defendants deny each and every allegation of Paragraph 38 of the Complaint.

39. Defendants deny each and every allegation of Paragraph 39 of the Complaint.

## "SECOND CLAIM FOR RELIEF" SECTION OF COMPLAINT

40. Defendants repeat and incorporate by reference its replies in Paragraphs 1 through 39 herein inclusive.

41. Defendants deny each and every allegation of Paragraph 41 of the Complaint.

42. Defendants deny each and every allegation of Paragraph 42 of the Complaint.

43. Defendants deny each and every allegation of Paragraph 43 of the Complaint.

44. Defendants deny each and every allegation of Paragraph 44 of the Complaint.

45. Defendants deny each and every allegation of Paragraph 45 of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Answering further, Defendants raise the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants have not infringed United States Patent Numbers D552,354, D547,945, D547,944 or D551,863.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Patents are invalid, void and unenforceable because:

a. Plaintiffs' Patents describe and claim alleged inventions, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains. Defendants aver that the subject matter claimed in said patents fails to comply with Title 35 § 102 and § 103 of the United States Code in that the differences between the subject matter claimed in such patents and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which such claimed subject

matter pertains.

b. Plaintiffs' Patents do not contain sufficient disclosure as required by the statutes of the United States to enable any person skilled in the art to practice the inventions purported to be covered thereby.

Other particulars with respect to the grounds of patent invalidity above set forth will be furnished to Plaintiffs in writing by Defendants at least thirty (30) days before the trial of this case in compliance with Title 35 § 282 of the United States Code. Any additional grounds of invalidity of said patents of which Defendants may hereinafter learn will be brought to Plaintiffs' notice by appropriate proceedings.

## FOURTH AFFIRMATIVE DEFENSE

Defendants aver that, by reason of proceedings taken in the United States Patent and Trademark Office during the prosecution of the applications for the Plaintiffs' Patents, the claims of the Plaintiffs' Patents are limited and restricted by their terms and the prior art and are made so by limitations and restrictions made therein under the requirements of the Commissioner of Patents and Trademarks during the proceedings in the Patent and Trademark Office while the application for said patents were pending, to the extent that Plaintiffs are now estopped from maintaining said patents to be of such scope as to cover or embrace any products being made, used or sold by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the Patent and Trademark Office Examiner failed to cite pertinent

prior art as references and thus the presumption of validity of the Plaintiffs' Patents provided in Title 35 § 282 of the United States Code is greatly weakened or destroyed.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by reason of waiver and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants had no knowledge that any of their activities constituted infringement and thus their actions were innocent.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering statutory damages or attorney's fees pursuant to 35 U.S.C. 101, et seq.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the content at issue in this case is not the subject of valid patents.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by reason of unclean hands.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of acquiescence.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

**WHEREFORE**, Defendants respectfully request this Court to grant judgment in its favor, order all claims of the complaint dismissed with prejudice, award Defendants all costs, expenses, disbursements and fees incurred herein, including reasonable attorneys' fees, and such other, further and different relief as the Court may deem just and proper.

**JURY DEMAND**

Defendants hereby demand a trial by jury on all issues for which a jury trial is permitted.

Dated: Calverton, New York.
January 7, 2008

/s/ Todd Wengrovsky
Todd Wengrovsky - TW4823
Law Offices of
Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400
*Attorney for Defendants*

To: Barbara A. Solomon, Esq.
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, NY 10017
*Attorneys for Plaintiff*