Barbara A. Solomon (BS 8845)
Evan Gourvitz  (EG 5449)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY  10017
(212) 813-5900 (Phone)
(212) 813-5901 (Fax)
Email: bsolomon@frosszelnick.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 0 6 2008

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------x
J. CHOO LIMITED,                      :     CV-07-11167 (PAC)
                                      :
                  Plaintiff,          :     [PROPOSED] FINAL
                                      :     JUDGMENT AND
        v.                            :     ORDER ON CONSENT FOR
                                      :     PERMANENT INJUNCTION
SHOPSUEYBOUTIQUE.COM, INC.,           :
HEATHER GRAY and JOHN DOES 1-10       :
                                      :
                  Defendants.         :
-------------------------------------------------x
```

This matter having been commenced by Plaintiff J. Choo Limited ("Plaintiff" or "J.

Choo") on December 11, 2007 by filing the Complaint herein against Defendants

ShopSueyBoutique.com, Inc., Heather Gray and John Does 1-10 charging them individually and

collectively with patent infringement under Section 271 of the Patent Act, 35 U.S.C. § 271 and

unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15

U.S.C. § 1125(a) (the "Civil Action"); and

Defendants ShopSueyBoutique.com, Inc. and Heather Gray having been duly served with

the Summons and Complaint, having accepted service thereof, and having appeared in the Civil

Action and answered the Complaint; and

Defendants ShopSueyBoutique.com and Heather Gray, being represented by counsel,

each having agreed to the entry of this Final Judgment and Order on Consent (the "Order");

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This is an action for patent infringement under Section 271 of the Patent Act, 35 U.S.C. § 271 and unfair competition and false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a). All of the claims arise out of and are based on Defendants' unauthorized use of J. Choo's design patents as embodied in its Ramona and Mahala handbags and sale of bags copying and intending to copy the distinctive trade dress of three of J. Choo's best-selling handbag styles, the Ramona, the Mahala and the Marin/Mave.

2.      This Court has original jurisdiction over the subject matter of the Civil Action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b) and personal jurisdiction over the Defendants. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims are taking place in this district, and J. Choo is suffering irreparable harm through the acts of Defendants in and directed towards this district.

3.      Defendants ShopSueyBoutique.com, Inc. and Heather Gray (separately and collective the "ShopSuey Defendants") acknowledge the subject matter and personal jurisdiction of this Court over this action and over each of them to enter and enforce the Order against each of them and all those in active concert and participation with each of them and each hereby consent to the entry of this Order.

4.      J. Choo is the owner of valid and subsisting U.S. design patents D552354, D547945 and D547944 for ornamental elements of the Ramona bag and U.S. design patent D551863 for ornamental elements of the Mahala bag (collectively the "J. Choo Design Patents"). The J. Choo Design Patents are valid, subsisting and in full force and effect.

[JF0206200.1 ]

5.      The trade dress of the Ramona bag shown in Exhibit A hereto, the Mahala bag shown in Exhibit B hereto and the Marin/Mave bag shown in Exhibit C hereto are each protectable, not functional, and serve to designate good exclusively from J. Choo. J. Choo has exclusive rights in and to the trade dress in each of the Ramona, Mahala and Marin/Mave bags (individually and collectively the "J. Choo Trade Dress").

6.      The Shopsuey Defendants are in the business of selling and offering for sale designer inspired handbags that they advertise and promote as being copies of expensive, recognizable "it" bags.

7.      The Shopsuey Defendants have advertised and offered for sale, without J. Choo's permission, handbags that are replicas of J. Choo handbags, including but not limited to the Ramona, Mahala and Marin/Mave bags through the website shopsueyboutique.com. In selling its replicas of J. Choo bags, the Shopsuey Defendants are distributing, advertising, promoting, offering for sale and selling bags that incorporate the designs set forth in the J. Choo Design Patents and are distributing , advertising, promoting, offering for sale and selling products that copy the J. Choo Trade Dress. The Shopsuey Defendants have profited from the J. Choo Design Patents and the J. Choo Trade Dress, all without J. Choo's permission, authorization or consent.

8.      In connection with the entry of this Order, the Shopsuey Defendants have made the following representations and warranties all of which are material terms of and form the basis for entry into this Order and on which J. Choo and the Court have relied:

(a)      Other than through the website Shopsueyboutique.com, the Shopsuey Defendants have not advertised, displayed, offered for sale or sold any other handbags in any channels of trade that copy or incorporate any of the J. Choo Design Patents or J. Choo Trade Dress;

3

(b)     Other than the bags at issue in the Civil Action, the Shopsuey Defendants are not advertising, displaying, offering for sale or selling any other handbags through any channels of trade that are intended to be replicas of any J. Choo product;

(c)     The Shopsuey Defendants' source for the bags at issue in the Civil Action is Joia Trading Company, 1020 Crocker Street, Los Angles, California 90021.

(d)     As of the date of its execution of this Order, the Shopsuey Defendants had no outstanding orders for bags that copy the J. Choo Trade Dress or incorporate the J. Choo Design Patents.

(e)     As of the execution of this Order, the Shopsuey Defendants have in their possession, custody or control no products that copy or incorporate the J. Choo Trade Dress and/or J. Choo Design Patents.

(f)     As of January 31, 2008, each of the Shopsuey Defendants and each of their respective employees, servants, affiliates, agents, licensees, and any entities owned or controlled, in whole or in part by either of them, and all those in active concert and participation with any of them had ceased and discontinued all ordering, importing, advertising, marketing, offering for sale or sale of the bags at issue in the Civil Action or any other bags that are copies of or are intended to copy any J. Choo bag, that feature the designs shown in the J. Choo Design Patents or that copy the J. Choo Trade Dress and no replica J. Choo bags are available for sale at any online or retail store owned or controlled by either of the Shopsuey Defendants or through any Internet website owned, operated, controlled or maintained by or on behalf of either of the Shopsuey Defendants.

(g)     Neither of the Shopsuey Defendants has been asked by any third party to import into the U.S. for sale in the U.S. handbags that are intended to be marketed or described as

4

(F0206200.1 )

replicas of J. Choo handbags or that otherwise copy the J. Choo Trade Dress or the J. Choo Design Patents.

(h)    The Shopsuey Defendants' total profits from the sale of goods bearing, incorporating, sold or advertised bearing or incorporating the J. Choo Trade Dress or the J. Choo Design Patents is $3536.00.

(i)    Each of the Shopsuey Defendants knowingly enters into this Order, has the legal capacity to enter into this Order and to carry out all obligations and requirements herein, and has had the opportunity to consult with counsel to approve the form of this Order.

9.    Each of the Shopsuey Defendants' use of the J. Choo Design Patents and the J. Choo Trade Dress on or in connection with handbags advertised, sold or offered for sale constitutes patent infringement under Section 35 U.S.C. § 271 and unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

10.    As a result of their unauthorized use of the J. Choo Design Patents and J. Choo Trade Dress, the Shopsuey Defendants jointly and separately shall pay to J. Choo the sum of $10,000.00. The Shopsuey Defendants shall deliver to J. Choo counsel a cashier's check for $5,000.00 made payable to *Fross Zelnick Lehrman & Zissu P.C. as attorneys for J. Choo Limited* as well as a check for $5,000.00 payable to *Fross Zelnick Lehrman & Zissu P.C. as attorneys for J. Choo Limited* which latter check may be post-dated to March 1, 2008. The Shopsuey Defendants shall ensure that there are sufficient funds in the bank account on which the check is drawn such that the check clears as of March 1, 2008. Should the Shopsuey Defendants fail to provide the payments required herein, or should any check bounce or funds not clear, the Shopsuey Defendants shall be deemed to be in violation and contempt of this Order. Should the Shopsuey Defendants violate this provision of the Order or should they take any action that

{F0206200.1 }

affects the ability of J. Choo to receive the full payment ordered herein, the Shopsuey Defendants shall be ordered to pay to J. Choo all moneys outstanding together with interest which shall accrue from the date of entry of this Order, any penalties or damages assessed by any bank in connection with the processing of any payments made by the Shopsuey Defendants, and reimbursement of all of J. Choo's attorney's fees incurred in connection with obtaining all of the required payments. Such relief shall be in addition to any other relief that the Court deems just and proper.

11.     The Shopsuey Defendants individually and jointly, and each of their respective agents, privies, employees, servants, affiliates, successors, representatives, licensees, attorneys, assigns, heirs and designees, any entity owned or controlled by either of the Shopsuey Defendants in whole or in part, now or in the future, and any and all persons in active concert or participation with any of the foregoing, who or which receives notice of this Order directly or otherwise, are hereby permanently enjoined and forever restrained from:

(a)     Imitating, copying, or making unauthorized use of the designs set forth in the J. Choo Design Patents, or any variation, simulation, or colorable imitations thereof, or any other patents owned by J. Choo;

(b)     Imitating, copying, or making unauthorized use of the J. Choo Trade Dress, or any variation, simulation or colorable imitations thereof, or any other trade dress owned by J. Choo;

(c)     Using in any manner in their business or in connection with any    products or services or business, directly or indirectly, any simulation, reproduction, copy or colorable imitation of the J. Choo Design Patents, the J. Choo Trade Dress, or any other patented work, trade dress, or mark owned by J. Choo, or any variation, simulation or colorable imitation

6

thereof;

(d)    Using any false designation of origin or false description (including without limitation any designs, ornamental device, letters or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that any product or service rendered, offered for sale, advertised or promoted by the Defendants are in any manner associated or connected with J. Choo, or is owned, manufactured, licensed, sponsored, approved, or authorized by J. Choo;

(e)    Importing, advertising, selling or offering for sale the handbags that are at issue in the Civil Action regardless of color or fabric used;

(f)    Importing, ordering, advertising, displaying, providing, requesting the manufacture of, offering for sale, or selling any products that copy the J. Choo Trade Dress shown in Exhibits A-C hereto, the designs embodied in the J. Choo Design Patents, or the trade dress of any other bag of J. Choo whether previously sold by J. Choo, currently sold by J. Choo or to be sold by J. Choo in the future;

(g)    Challenging, interfering with, objecting to or bringing any action to contest the validity of any of the J. Choo Design Patents;

(h)    Distributing, circulating, advertising, selling, offering for sale, promoting, displayment or reproducing by any means, including photographic means, any product bearing the designs covered by J. Choo Design Patents, the J. Choo Trade Dress, or any simulation, reproduction, counterfeit, copy or colorable simulation of the J. Choo Design Patents or the J. Choo Trade Dress;

(i)    Imitating, copying or making any use of the mark JIMMY CHOO or the name Jimmy Choo to advertise, promote, refer to or describe any product, goods or services;

{F0206200.1 }

(j)     Using the name J. Choo, Jimmy Choo, Choo or any other similar term in or as part of any keyword, metatag or other Internet search term or otherwise using any reference to Jimmy Choo to generate Internet search results for the Shopsueyboutique.com website or any other website owned, operated or maintained by or on behalf of either of the Shopsuey Defendants;

(k)     Making reference to Plaintiff J. Choo or otherwise using the J. Choo Trade Dress or J. Choo Design Patents on or in connection with any website owned or controlled by either of the Shopsuey Defendants or on or in connection with any Internet or other advertising including on or in connection with any product displayed or offered for sale through any website;

(l)     Making any disparaging statements about J. Choo, about the Civil Action, about the Order, or posting any statements to any website or blog concerning J. Choo, the Civil Action, or this Order;

(m)     Transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in their possession, custody or control bearing or incorporating the J. Choo Trade Dress, J. Choo Design Patents or any simulation, reproduction, counterfeit, copy of colorable imitation of the J. Choo Trade Dress or J. Choo Design Patents;

(n)     Disposing, destroying, altering, removing, concealing, tampering with or in any manner secreting any business records including computer records of any kind including invoices, correspondence, books of accounts, receipts or other documentation relating or referring in any manner to the manufacture, ordering, importation, advertising, receiving, acquisition, promotion, display, purchase, sale, offering for sale or distribution of any merchandise bearing or incorporating the J. Choo Trade Dress, J. Choo Design Patents or any simulation, reproduction, counterfeit, copy or colorable imitation thereof;

8

(F0206200.1)

(o)    Instructing, assisting, aiding or abetting any other person or business entity in engaging in performing any of the activities referred in sub paragraphs (a) – (n) above.

12.    The Shopsuey Defendants are directed to take down, permanently remove and further desist from posting Internet advertisements, websites or other online postings, including at the ShopsueyBoutique.com website of any goods incorporating, featuring, or bearing the J. Choo Trade Dress, any of the J. Choo Design Patents or any simulation, reproduction, or colorable imitation thereof or from otherwise posting Internet advertisements, websites or other online posting or otherwise featuring on any website any product designed to copy the overall look and feel of any J. Choo product whether existing now or in the future.

13.    The Shopsuey Defendants shall provide their full cooperation to J. Choo or any governmental agency in connection with any action taken against the source of the products at issue in the Civil Action which sources are identified in paragraph 8(c) above. Such action may include, but is not limited to, turning over all business records as requested by J. Choo or giving testimony at depositions or at trial. The Shopsuey Defendants shall not take any action that could hinder any claims against their sources and shall not contact their sources. Should J. Choo request Defendants to appear for deposition or trial at a location more than 100 miles from their residence, J. Choo shall reimburse Defendants for reasonable travel expenses limited to coach transportation and hotel costs.

14.    The Shopsuey Defendants are directed to take down, permanently remove, and forever desist from posting on any website photographs or depictions of any product that include, bear or are described using any of the J. Choo Trade Dress or J. Choo Design Patents.

15.    The Shopsuey Defendants are directed to provide to J. Choo with their executed copy of this Order:

{F0206200.1 }

(a)    A photograph or detailed description of each different product that bears or incorporates any J. Choo Trade Dress or J. Choo Design Patents or that otherwise copies any J. Choo product;

(b)    Copies of all invoices, correspondence, lists of accounts, receipts or other similar materials related to the purchase, distribution and sale of the goods identified in (a) above; and

(c)    The Affidavit in the form attached as Exhibit D which Affidavit and the undertakings contained therein are incorporated into and made a part of this Judgment.

16.    The Shopsuey Defendants are directed to immediately provide to J. Choo for destruction all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials currently in their possession or under their control incorporating, featuring or bearing the J. Choo Trade Dress, J. Choo Design Patents or that otherwise copy any J. Choo product together with all plates, molds, matrices and other means of making the same.  The Shopsuey Defendants acknowledge that they shall not be compensated for any of the items turned over to J. Choo for destruction.

17.    Within thirty (30) days after entry of this Order, each of the Shopsuey Defendants shall file with the Court and serve upon J. Choo's counsel a report in writing under oath, affirming compliance with all terms of this Order.

18.    In the event that either of the Shopsuey Defendants at any time violates any provision of this Order or should any of the representations contained herein be found to be materially false, J. Choo shall be entitled to all relief under 18 U.S.C. § 401 *et seq.* for contempt of a Court order, including costs and attorneys' fees and for such other and further relief to which J. Choo may be entitled including injunctive relief.  The jurisdiction of this Court is retained for

10

the purposes of making any other orders necessary to enforce or implement the terms of this Order and to punish or award damages for violations thereof.

19.    The parties to this Order waive all right to appeal from entry of this Order and from their obligation to comply with the requirements of this Order.

20.    This Order shall resolve only those claims and demands that were asserted in the instant action against the Shopsuey Defendants, as well as those claims that could have been asserted but were not. Nothing herein shall prohibit J. Choo from bringing any action against either of the Shopsuey Defendants based on any activity that did not predate the date of this Order or that is not the subject of this Order.

21.    The Shopsuey Defendants each acknowledge that it has obtained advice of counsel with respect to this Order. The Shopsuey Defendants each further acknowledge that its decision to enter into this Agreement was not influenced by any promises, representations, or statements made by Plaintiff or anyone acting on its behalf other than those set forth in this Order.

22.    By their signatures and acknowledgments below, the parties understand and agree to be bound by the terms of this Order.

23.    This Order is a final Order.

WHEREFORE the parties by their duly authorized representatives have set their hand and seals as of the dates set forth below:

11

fP0206200.1 1

Dated: London, England
_____, 2008

J. Choo Limited

By: _____
Name: HANNAH MERRITT
Title: COMPANY SECRETARY

Dated: Redlands, California
2-19, 2008

Shopsueyboutique.com

By: _____
Name: Heather gray
Title: owner

Dated: Redlands, California
2-19, 2008

By: _____
Name: Heather Gray

Approved as to form:

Dated: New York, New York
2/?/2008

_____
Barbara A. Solomon, Esq.
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
(212) 813-5900 (Phone)
*Attorney for Plaintiff*

- and -

Dated: Calverton, New York
2/21, 2008

_____
Todd Wengrovsky
Law Offices of Todd Wengrovsky, PLLC
285 South Field Road
Box 585
Calverton, NY 11933
(631) 727-3400 (Phone)
*Attorney for Defendants*

March 6, 2008

SO ORDERED:

_____
HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

12

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____    _____
Signature of Document Signer No. 1         Signature of Document Signer No. 2 (if any)

State of California

County of San Bernardino

Subscribed and sworn to (or affirmed) before me on this

19th day of February , 20____ , by
Date          Month                    Year

(1)  Heather Gray ,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.)(,)

(and

(2) _____ ,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature _____
Signature of Notary Public

Place Notary Seal Above

Commission # 1790116
Notary Public - California
San Bernardino County
My Comm. Expires Jan 29, 2012

---

## OPTIONAL

*Though the information below is not required by law, it may prove*
*valuable to persons relying on the document and could prevent*
*fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: Final Judgment & Order by Consent

Document Date: 2-19-08          Number of Pages: 13

Signer(s) Other Than Named Above: _____

| RIGHT THUMBPRINT OF SIGNER #1 Top of thumb here | RIGHT THUMBPRINT OF SIGNER #2 Top of thumb here |
|---|---|

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5910    Reorder: Call Toll-Free 1-800-876-6827

# EXHIBIT A



{P0206200.1 }



{F0206200.1 }

# EXHIBIT B



[F0206200.1]

# EXHIBIT C



{P0206200.1}



{F0206200.1}

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x

J. CHOO LIMITED,                    :     CV-07-11167 (PAC)
                                    :
                  Plaintiff,        :     **AFFIDAVIT OF HEATHER GRAY**
                                    :
         v.                         :
                                    :
SHOPSUEYBOUTIQUE.COM, INC.,         :
HEATHER GRAY and JOHN DOES 1-10     :
                                    :
                  Defendants.       :
-------------------------------------------------x

STATE OF CALIFORNIA        )
                           )  ss:
COUNTY OF ~~Riverside~~    )
          San Bernadino

Heather Gray swears, under the penalty of perjury, as follows:

1.      I am an individual Defendant in the above-captioned action, as well as the principal of
Defendant shopsueyboutique.com.  I offer this Affidavit in order to resolve all claims of trade
dress infringement by Plaintiff J. Choo Limited ("J. Choo") against Defendants relating to the
sale by Defendants of bags that copy Plaintiff's "Alex" bag design.  I have knowledge of all of
the facts set forth below and could testify to the same if called as a witness.  I am authorized to
submit this affidavit both on behalf of myself as well as my company Shopsueyboutique.com.

2.      Defendants marketed a bag under the name "HAILEY" that copies Plaintiff's "Alex"
design for which Plaintiff has pending design patents.  A photograph of Defendants' HAILEY
bag is attached as Exhibit A.  Defendants' sole source of the product was Joia Trading Company
of Los Angeles, California. Defendants have no information regarding the manufacturer of the
HAILEY bag.

19

{P0206200.1 }

3.    Defendants purchased 17 units of the HAILEY bag at $21.50 per unit, and sold all of such units at $68.00 per unit.

4.    Defendants have no remaining inventory of the HAILEY bag.

5.    Defendants have no pending purchase or sale orders for the HAILEY bag.

6.    Defendants sold the HAILEY bag during January, 2008 only.

7.    The HAILEY bag is no longer being offered for sale by Defendants, and Defendants shall not promote, advertise, sell or offer for sale in the future the HAILEY bag or any other copy of Plaintiff's "Alex" bag, regardless of the color and/or materials used, or any bag that incorporates the ornamental elements claimed in J. Choo's design patents for the Alex bag.

8.    If the HAILEY bag is sold or offered for sale by Defendants following execution of this Affidavit or if Defendants sell or offer for sale any bag in violation of paragraph 7 above, Defendants acknowledge that such acts constitute a violation of J. Choo's rights and a violation of the Judgment issued in the above captioned matter.  Without limiting any relief available to J. Choo for violation of the Judgment in the captioned matter or for a violation of its rights, Defendants agree that if they breach their obligations under paragraph 7 hereof they shall be liable to J. Choo for: (1) liquidated damages of $10,000; (2) an award of triple the profits made by Defendants on sales of any items that violate paragraph 7; and (3) payment of all costs and attorney's fees incurred by Plaintiff J. Choo Limited in pursuing action for violation of the obligations set forth above, including all costs and fees for any investigation, demand letters, negotiations and litigation.

9.    Defendants provide this Affidavit as additional consideration for the settlement of the above-referenced action.  Defendants further acknowledge that they have received good and valuable consideration for providing this Affidavit and agreeing to the terms set forth herein

{F0206200.1 }

including but not limited to the agreement by J. Choo Limited not to amend the complaint to include additional claims for infringement of the trade dress of the "Alex" bag. Defendants acknowledge that nothing herein is intended to or shall prohibit J. Choo Limited from bringing any action against the Defendants or either of them separately should any statements in this Affidavit be false or should Defendants sell or offer for sale bags that copy the J. Choo "Alex" design or any other J. Choo design subsequent to the execution date of this Affidavit.

Dated: Redlands, California
    2-19    , 2008

By: _____
Name: Heather Gray

Sworn to before me this
_____th day of February, 2008

_____
NOTARY PUBLIC

21

{F0206200.1 }

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____    _____
Signature of Document Signer No. 1        Signature of Document Signer No. 2 (if any)

State of California

County of San Bernardino

Subscribed and sworn to (or affirmed) before me on this

19th day of February, 2008, by
Date          Month          Year

(1) Heather Gray,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.(.)(.)

(and

(2) _____,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature _____
Signature of Notary Public

Place Notary Seal Above

━━━ OPTIONAL ━━━

*Though the information below is not required by law, it may prove
valuable to persons relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: Affidavit

Document Date: 2-19-08          Number of Pages: 3

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT
OF SIGNER #1
Top of thumb here

RIGHT THUMBPRINT
OF SIGNER #2
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5910    Reorder: Call Toll-Free 1-800-876-6827




# SONI&CO

## N O T A R I E S

**Tel:** 08456 120 130 • **Web:** www.londonnotaries.com • **Fax:** 020 7243 2212 • **Email:** enquiries@londonnotaries.com
**Bayswater Office** 4-5 Inverness Mews, London W2 3JQ • DX 47211 Kensington High Street • ✛ Bayswater
**City of London Office** 10 Fenchurch Avenue, London EC3M 5BN • DX 565 London/City • ✛ Monument
**Gants Hill Office** 381 Eastern Avenue, Gants Hill, Essex IG2 6LR • ✛ Gants Hill
**Heathrow Office** 61 London Road, Staines, Middlesex TW18 4BN • ⚊ Staines Rail Station

**I, JAMES IAN VANNER,** Notary Public of the City of London, England, by Royal Authority duly admitted and sworn, practising in the said City,

### DO HEREBY CERTIFY AND ATTEST:

**THAT** the signature "H. Merritt" set and subscribed to the hereunto annexed document is genuine, the same having been duly subscribed thereto by **Hannah Lucy Victoria MERRITT**, whose identity I attest, the Secretary of the Company styled **"J. CHOO LIMITED"**, a company duly organised and existing in accordance with the laws of England, registered at the Registration Office for England and Wales under N°. **3185783** and having its Registered Office at 4 Lancer Square, Kensington Church Street, London W8 4EH, England.

**IN TESTIMONY WHEREOF** I have hereunto set my hand and affixed my Seal of Office in the City of London, aforesaid, this twenty-seventh day of February 2008.

**James Ian Vanner**
**Notary Public**



**APOSTILLE**

(Hague Convention of 5 October 1961 / Convention de La Haye du 5 octobre 1961)

**UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND**

1.  Country:  United Kingdom of Great Britain and Northern Ireland
    Pays:  Royaume-Uni de Grande-Bretagne et d'Irlande du Nord

    This public document / Le présent acte public

2.  Has been signed by      **James Ian Vanner**
    a été signé par

3.  Acting in the capacity of    **Notary Public**
    agissant en qualité de

4.  Bears the seal/stamp of     **The Said Notary Public**
    est revêtu du sceau/timbre de

                                    Certified/Attesté
5.  at London/à Londres          6.  the/le    **28 February 2008**

7.  by Her Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs /
    par le Secrétaire d'Etat Principal de Sa Majesté aux Affaires Etrangères et du Commonwealth.

8.  Number/sous No      **H695081**

9.  Stamp:                        10. Signature:   **P Wilkinson**
    timbre:

      

*For the Secretary of State / Pour le Secrétaire d'Etat*

If this document is to be used in a country which is not party to the Hague Convention of 5 October
1961, it should be presented to the consular section of the mission representing that country. An
apostille or legalisation certificate only confirms that the signature, seal or stamp on the document is
genuine.  It does not mean that the contents of the document are correct or that the Foreign &
Commonwealth Office approves of the contents.

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
**500 Pearl Street, New York, N.Y. 10007-1213**


Date:

In Re:

-v-

Case #:                              (          )


Dear Litigant,

Enclosed is a copy of the judgment entered in your case.

Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court


by: _____

, Deputy Clerk


APPEAL FORMS
Docket Support Unit                                         Revised: April 9, 2006

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------------X
                                          |        NOTICE OF APPEAL
                                          |
                                          |
              -V-                         |
                                          |        civ.          (    )
                                          |
                                          |
------------------------------------------X
```

Notice is hereby given that _____
                                             (party)

hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]

entered in this action on the _____ day of _____ , _____ .
                                   (day)              (month)            (year)

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____        (      ) _____ - _____
                                           (Telephone Number)

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 1

# United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

```
-------------------------------------X
                                     |
                                     |          MOTION FOR EXTENSION OF TIME
                                     |            TO FILE A NOTICE OF APPEAL
                                     |
            -V-                      |
                                     |
                                     |            civ.            (   )
                                     |
                                     |
-------------------------------------X
```

Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully
(party)

requests leave to file the within notice of appeal out of time. _____
(party)

desires to appeal the judgment in this action entered on _____ but failed to file a
(day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]




_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____        (       ) _____-_____
(Telephone Number)


**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time.  If you follow this procedure, these forms must be received in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

FORM 2

### United States District Court
### Southern District of New York
#### Office of the Clerk
#### U.S. Courthouse
#### 500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------X
                              |
                              |         NOTICE OF APPEAL
                              |              AND
        -V-                   |    MOTION FOR EXTENSION OF TIME
                              |
                              |         civ.          (   )
                              |
                              |
------------------------------X
```

1.    Notice is hereby given that _____ hereby appeals to

the United States Court of Appeals for the Second Circuit from the judgment entered on _____.
                                (party)

[Give a description of the judgment]

2.    In the event that this form was not received in the Clerk's office within the required time

_____ respectfully requests the court to grant an extension of time in
          (party)

accordance with Fed. R. App. P. 4(a)(5).

    a.    In support of this request, _____ states that
                                           (party)

this Court's judgment was received on _____ and that this form was mailed to the
                                   (date)

court on _____ .
         (date)

                               _____
                                       (Signature)

                               _____
                                       (Address)

                               _____
                             (City, State and Zip Code)

Date: _____         (   ) _____-_____
                                   (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the District Court will underline{receive} it within the 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS

Docket Support Unit
                                                  Revised: April 9, 2006

FORM 3

# United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------X
                                    |
                                    |          AFFIRMATION OF SERVICE
                                    |
        -V-                         |
                                    |          civ.        (   )
                                    |
                                    |
------------------------------------X
```

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
　　　　　New York, New York

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

APPEAL FORMS
Docket Support Unit

Revised: April 9, 2006